B. F. McDONOUGH v. A. K. VANSICKLE.

1—The holder of a note payable in specific articles to a named payee, or bearer, is not bound to prove that he gave value for it, in order to maintain suit upon it against the maker.

2—Such an instrument imports value received from whomsoever may be the bearer of it.

APPEAL from Rusk. Tried below before the Hon. J. B. Williamson.

McDonough sued Vansickle on an instrument in the following form:

"One month after date I promise to pay Ben. A. Vansickle, or bearer, one first class sulky, made in Henderson, worth seventy-five dollars, and forty dollars in cash.

"A. K. Vansickle."

The plaintiff introduced no evidence but the instrument itself.

The court below instructed the jury that, if they believed from the evidence that the defendant executed and delivered the instrument, and that the plaintiff is the holder of it for a valuable consideration, they should find for the plaintiff; otherwise, they should find for the defendant. And, further, that the plaintiff's possession of the instrument was not proof that it was obtained for a valuable consideration.

Under these instructions there were verdict and judgment for the defendant, and a new trial being refused, the plaintiff appealed.

*Morris & Casey,* for appellant, cited Smith v. Clopton, 4 Tex., 109; Hopkins v. Seymour, 10 Tex., 202. The cases of Merlin v. Manning, 2 Tex., 263, and Heard v. Lockett, 20 Tex., 163, do not conflict with those above cited. The instruments sued on in these latter cases were payable to a named payee, and not to bearer.

No brief for appellee.

Morrill, C. J.—Suit upon a note payable to B. Vansickle, or bearer, calling for a sulky worth seventy-five dollars, and forty dollars in cash.

The judge charged the jury, that it was incumbent on the plaintiff to prove that he paid a valuable consideration for the note, and that possession of the note by the plaintiff is not proof that he obtained it for a valuable consideration.

We believe the court erred in the charge. By the terms of the note any bearer of it could sue upon it, and it was no more

necessary for McDonough, the bearer, to prove a consideration for its reception than the other named payee.

The maker of the note so worded it that it was assignable and transferable by delivery, and by its execution the maker acknowledged value received from whomsoever should be the bearer.

The judgment is reversed, and such judgment here rendered as the District Court should have rendered, viz: a judgment for the amount of the note and interest.

Reversed and rendered.